UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN C. FREEMAN,

        Petitioner,

  v.

Case No. 24-cv-1622-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER SCREENING §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1)**

On December 16, 2024, the petitioner, representing himself, filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, challenging his conviction in <u>United States v. Freeman</u>, 19-cr-103 (E.D. Wis.). Dkt. No. 1.[1] Because it does not plainly appear from the face of the motion that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

On June 4, 2019, the grand jury returned an indictment against the petitioner in Case No. 19-cr-103 (E.D. Wis.). Criminal Case, Dkt. No. 1. The indictment charged the petitioner with conspiracy to engage in sex trafficking; sex trafficking by force, fraud or coercion; three counts of interstate

---

[1] The court will cite to documents filed in this *habeas* case (24-cv-1662) as "Dkt. No." The court will cite to documents filed in the petitioner's underlying criminal case (19-cr-103) as "Criminal Case, Dkt. No."

1

transportation for prostitution; possession of a firearm by a felon; possession of ammunition by a felon; and obstruction of sex trafficking enforcement. Id. at 1–8. The petitioner later was indicted on additional charges of sex trafficking of a child; transportation of a minor with intent to engage in criminal sexual activity; two additional counts of sex trafficking by force, fraud or coercion; one additional count of interstate transportation for prostitution; one additional count of obstruction of sex trafficking enforcement; and three counts of contempt of court. Criminal Case, Dkt. No. 42 at 9–17.

On June 28, 2021, at the conclusion of a seven-day trial, the jury found the petitioner guilty of Counts 1–8, 10–11 and 14–17 of the second superseding indictment. Criminal Case, Dkt. No. 109. The jury found the petitioner not guilty of Count 9 (sex trafficking of a child). Id. The court dismissed Counts 12 and 13 (one count of sex trafficking by force, fraud or coercion and one count of interstate transportation for prostitution) on the government's oral motion. Id. On October 4, 2021, the court sentenced the petitioner to 540 months in prison followed by five years of supervised release. Criminal Case, Dkt. No. 140. The court entered judgment on October 12, 2021. Criminal Case, Dkt. No. 141.

On October 18, 2021, the petitioner filed a notice of appeal. Criminal Case, Dkt. No. 144. On appeal, the petitioner contested the sufficiency of the evidence on the sex trafficking counts; the soundness of several evidentiary rulings and the jury instructions; and the constitutionality of the sex trafficking statute and the Sentencing Guidelines. Criminal Case, Dkt. No. 200

2

at 1–2. On November 27, 2023, the Seventh Circuit affirmed the petitioner's conviction and sentence, concluding that the evidence amply supported the jury verdict, the district court did not err in its evidentiary rulings, the sex trafficking statute was not unconstitutionally vague, the jury instructions accurately captured the elements of the offense and the district court did not err in relying on the 2007 version of the Sentencing Guidelines even though the petitioner's criminal conduct began prior to 2007. Id. at 3–6. The petitioner filed a petition for rehearing and rehearing *en banc*, which the Seventh Circuit denied on December 26, 2023. Criminal Case, Dkt. No. 202 at 9. The petitioner filed a petition for certiorari in the United States Supreme Court, which the Court denied on April 15, 2024. U.S. v. Calvin Freeman, Appeal No. 21-2907, Dkt. No. 59 (7th Cir.).

On March 4, 2024, the petitioner filed in the district court a motion for a sentence reduction and a motion to appoint counsel. Criminal Case, Dkt. No. 207. The court appointed a staff attorney from Federal Defender Services of Wisconsin "for the limited purpose of assisting the [petitioner] in determining whether he qualifies for an Amendment 821 sentence reduction and, if he does, to assist him in preparing the appropriate motion." Criminal Case, Dkt. No. 208. After reviewing the petitioner's case, the appointed attorney informed the court that he would not be filing anything on the petitioner's behalf. Criminal Case, Dkt. No. 210. The court later denied the petitioner's motion for sentence reduction. Criminal Case, Dkt. No. 222. On December 16, 2024, the petitioner filed this §2255 motion. Dkt. No. 1.

3

## II. Rule 4 Screening

### A. Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

### B. The Motion

The petitioner states that he raises ten grounds for relief, but most of the stated grounds include multiple grounds for relief under the same heading. Broadly, the petitioner argues that he was denied his right to effective assistance of counsel at trial and on direct appeal, denied his Fifth Amendment right to appear before a jury free from restraints, denied his Fifth Amendment right to a fair trial, that the government committed prosecutorial misconduct, that the court abused its discretion in allowing expert testimony, that the court

4

gave improper jury instructions and that the "[accumulation] of court errors; prosecutorial misconduct; and the totality of ineffective counsel prejudiced the [petitioner]." Dkt. No. 1 at 4–8, 15.

The petitioner did not raise the ineffective assistance claim on direct appeal. Normally, the failure to raise a claim on direct appeal prevents the court from considering that claim in a §2255 motion. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) ("[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). But there is an exception for claims of ineffective assistance of counsel, which a petitioner may bring for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. James, 635 F.3d 909, 916 (7th Cir. 2011). The petitioner's motion asserts ineffective assistance of counsel, which is cognizable for §2255 relief and is not subject to the exhaustion requirement.

It does not appear that the petitioner raised his prosecutorial misconduct or Fifth Amendment claims in his direct appeal. If he failed to raise these claims on direct appeal, the petitioner procedurally defaulted them. "A claim that has been procedurally defaulted ordinarily may only be raised in a §2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). The petitioner asserts that he did not exhaust these claims because he was "manipulated into representing himself" on direct appeal; he asserts that he

5

was "not competent to waive counsel on direct appeal." Dkt. No. 1 at 4–9, 14. If the petitioner's waiver of counsel on direct appeal was not knowing, voluntary and intelligent, he may have been improperly denied his Sixth Amendment right to counsel on direct appeal, which could constitute cause for his failure to exhaust. And because procedural default is an affirmative defense that can be waived, Williams v. United States, 879 F.3d 244, 248 (7th Cir. 2018), the court will not dismiss these claims at this stage.

The motion appears timely. Generally, the Antiterrorism and Effective Death Penalty Act of 1996 imposes a requirement that a petitioner file a motion for collateral review within one year of his conviction becoming "final." 28 U.S.C. §2255(f)(1). The Supreme Court denied the petitioner's petition for certiorari on April 15, 2024. The petitioner filed his December 16, 2024 motion within the one-year period under 28 U.S.C. §2255(f)(1).

The court cannot say from the face of the §2255 motion that the petitioner is plainly not entitled to relief. It will allow the petitioner to proceed on his claims and order the respondent to answer or otherwise respond to the §2255 motion.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the motion, complying with

6

Rule 5 of the Rules Governing §2255 Proceedings, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his motion;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the §2255 motion and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact,

exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 19th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**