UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN C. FREEMAN,

        Petitioner,

  v.                                          Case No. 24-cv-1622-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER GRANTING RESPONDENT'S MOTION FOR ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND FOR EXTENSION OF TIME (DKT. NO. 13) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EXPEDITED EVIDENTIARY HEARING (DKT. NO. 10)**

      Following his federal conviction on charges of sex trafficking, conspiracy to engage in sex trafficking, Mann Act violations and firearm violations, the petitioner filed a motion to vacate, set aside or correct sentence. Dkt. No. 1. After receiving the response to his motion, the petitioner filed a motion for an expedited evidentiary hearing (and attached exhibits). Dkt. No. 10. On October 23, 2025, the respondent filed a motion for order (1) finding that the petitioner has waived the attorney-client privilege over communications relating to the petitioner's Sixth Amendment claims and (2) directing petitioner's district court counsel, Martin Pruhs, and his appellate counsel, Annice Kelly, to communicate with the respondent's counsel regarding petitioner's claims. Dkt. No. 13. The respondent argues that because the petitioner challenges counsels' performances, the petitioner has waived the attorney-client privilege. Id.

1

## I. Motion to Waive Attorney-Client Privilege

The petitioner has not *explicitly* waived the attorney-client privilege. But a party may *implicitly* waive the attorney-client privilege by making the decision and taking the "affirmative step in the litigation to place the advice of the attorney in issue." U.S. Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 212 (3d Cir. 1999) (quotations and citation omitted); see also Garcia v. Zenith Electronics Corp., 58 F.3d 1171, 1175 n.1 (7th Cir. 1995), 58 F.3d at 1175 n.1 ("[T]he attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."). A litigant cannot invoke the attorney-client privilege if his claim relies on privileged communications. Put differently, "the attorney-client privilege cannot at once be used as a shield and a sword." Whittaker v. Admin. Rev. Bd., 423 F.3d 715, 719 (9th Cir. 2003).

The petitioner has waived his attorney-client privilege as it relates to the alleged private communications underlying his ineffective assistance of trial and appellate counsel claims. With respect to his ineffective assistance of trial counsel claim, Attorney Pruhs has information relevant to Grounds Two, Four, Five, Six, Seven and Ten. Dkt. No. 1 at 5, 8, 15. And the petitioner alleges in Ground One that Attorney Kelly provided ineffective assistance of counsel on appeal and that his waiver of appellate counsel was not knowing, intelligent or voluntary. Id. at 4. Attorney Kelly possesses information relevant to those claims.

2

The petitioner's statements in his affidavit recount specific communications with his attorneys. For example, he avers that he asked Attorney Pruhs to investigate, interview and call AV-3, Goldie, J. Rock, Tammie Spears, Carmela Brown and D-Monie as defense witnesses. Dkt. No. 12 at ¶1. He avers that Attorney Pruhs entered into a stipulation that Attorney Pruhs didn't review, id. at ¶9, and that Attorney Pruhs told the petitioner that he would not file a direct appeal because he didn't know to file an appeal, id. at ¶2. As for Attorney Kelly, the petitioner avers that she said she did not have time to discuss or review the appellate issues and that the petitioner could not include "his issues" with her brief. Id. at ¶4. He avers that Attorney Kelly never informed him that he could file a *pro se* brief "until-after-the fact," and that she refused to request an extension that would give them time to discuss the appeal. Id. at ¶5. Finally, he avers that Attorney Kelly manipulated him into representing himself. Id. at ¶11.

The court will grant the respondent's motion to find that the petitioner has waived the attorney-client privilege regarding his Sixth Amendment claims and will direct the petitioner's attorneys to submit to the government affidavits regarding those claims.

## II. Motion for Extension of Time

The respondent requests that the court extend the deadline for the government to file its response brief, asking that the court require it to file its brief thirty days after the government receives the affidavits from the petitioner's attorneys. The court will grant the motion.

3

### III. Petitioner's Motion for an Expedited Evidentiary Hearing

Because the court is granting the respondent's motion, ordering the attorneys to submit affidavits and will conduct briefing, the court will deny without prejudice the petitioner's motion for an expedited evidentiary hearing. Dkt. No. 10. This means that once briefing is concluded, the petitioner may re-file the motion if he still feels an evidentiary hearing is necessary. The court ordered the petitioner to file his brief in support of his petition by the end of the day on November 3, 2025. The petitioner has not filed that brief in support. The court will grant a brief extension of the time for the petitioner to submit his brief and will set a new deadline below.

### IV. Conclusion

The court **GRANTS** the respondent's motion for an order finding waiver of the attorney-client privilege. Dkt. No. 13.

The court **FINDS** that the petitioner has waived his attorney-client privilege with respect to any and all communications between himself and Attorney Pruhs and between himself and Attorney Kelly as they relate to his Sixth Amendment claims.

The court **DIRECTS** the Clerk of Court to update the docket to add Attorney Martin Pruhs and Attorney Annice Kelly as an interested parties. The court will send a copy of this order to Attorneys Pruhs and Kelly.

The court **ORDERS** that the time for the petitioner to file his brief in support of his *habeas* petition is **EXTENDED** until the end of the day on December 5, 2025.

4

The court **GRANTS** the respondent's motion for extension of time. Dkt. No. 13.

The court **ORDERS** that within thirty (30) days after the date on which the court receives the petitioner's brief in support, Attorneys Pruhs and Kelly must submit to the United States Attorney's Office affidavits addressing the claims in the petitioner's §2255 motion and affidavit in support (Dkt. Nos. 1, 2) that pertain to their representation.

The court **ORDERS** that the respondent must file a response to the petitioner's §2255 motion within thirty days of receipt of Attorney Pruhs and Attorney Kelly's affidavits and must include those affidavits with its response.

Dated in Milwaukee, Wisconsin this 5th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**